IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| TARA AND FRANK MALLORY, individually and on behalf of their daughter, BM, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:06-CV-122 |
| KNOX COUNTY SCHOOL DISTRICT, *et al.,* | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of several dispositive motions. Defendants, Knox County Board of Education, Lynn Draper in her official capacity as Principal, Judy Pickering in her official capacity as Administrative Assistant, Karen Carter in her official capacity as Teacher, John McCook in his official capacity as Director of Pupil Personnel, and Charles Lindsey in his official capacity as Superintendent, have filed a motion for summary judgment [doc. 24]. Plaintiffs have responded [doc. 36], and defendants have submitted a reply [doc. 40].

John McCook, Lynn Draper, and Karen Carter in their individual capacities have filed a motion to dismiss [doc. 33]. Plaintiffs have responded by adopting their response to the motion for summary judgment [doc. 38], and defendants have filed a reply [doc. 42]. Charles Lindsey and Judy Pickering in their individual capacities have filed a motion to dismiss [doc. 34] in which they adopt and incorporate by reference the motion to

dismiss filed by the other individual capacity defendants [doc. 33]. Plaintiffs again adopted their response to the motion for summary judgment as their response to this motion [doc. 38]. For their reply [doc. 43], defendants adopted and incorporated by reference the reply to the motion to dismiss filed by the other individual capacity defendants [doc. 42].[1] The court has determined that oral argument is unnecessary, and all the motions are ripe for the court's consideration and determination.

Plaintiffs have brought this action for compensatory and punitive damages for alleged violation of their constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiffs also allege multiple claims under state law.

I.

*Standard of Review*

The two motions to dismiss filed by the individual capacity defendants are brought under Federal Rule of Civil Procedure 12(b)(6). "Motions to dismiss under Rule 12(b)(6) are designed to test 'whether a cognizable claim has been pleaded in the complaint.'" *Fed. Express Corp. v. U.S. Postal Serv.*, 40 F. Supp. 2d 943, 947 (W.D.Tenn. 1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). When reviewing a motion for failure to state a claim upon which relief can be

---

[1] The Knox County Board of Education and the official capacity defendants have also filed a motion to dismiss Spring Hill Elementary School and the Knox County School District [doc. 22]. The basis for this motion is different from the other two motions to dismiss and the motion for summary judgment, and it will be addressed separately.

2

granted under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations in the complaint as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)).

However, when materials outside the pleadings are presented, the district court has the ability to convert a motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56, and such a decision is within the court's discretion. *See Shelby County Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000). Fed. R. Civ. P. 12 provides that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56 . . . ." Fed. R. Civ. P. 12(b). Rule 12 also requires that

> before the district court may treat a motion to dismiss as a summary judgment motion, it must give "all parties . . . reasonable opportunity to present all material made pertinent to" the issue. The Sixth Circuit interpreted this requirement to mean that it is "serious error" for a district court to convert the motion *sua sponte* to a summary judgment motion without notice to parties and without further discovery.

*Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (citing *Helwig v. Vencor, Inc.*, 251 F.3d 540, 552 (6th Cir. 2001).

In this case, plaintiffs responded to the motions to dismiss by adopting their response to the summary judgment motion. Attached to that response is a page from a meeting transcript and the affidavit of plaintiff Tara Mallory. In the reply brief in support of their motions to dismiss, the individual capacity defendants dispute that plaintiffs properly responded to the motion to dismiss, noting that the standard for a motion to dismiss is distinct from that of a motion for summary judgment. They did not, however, mention the possibility that the court could consider the motion to dismiss as a motion for summary judgment, though under Rule 12 that possibility exists. In any event, these defendants acknowledged and addressed statements in the Tara Mallory affidavit in their reply.

Under the circumstances of this case, especially in light of the materials already before the court in support of the motion for summary judgment, the court believes that notice is unnecessary and the parties will not be prejudiced if the motions to dismiss are converted. Therefore, the court will in its discretion consider the motions to dismiss filed by the individual capacity defendants as motions for summary judgment.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed. R. Civ. P. 56(c)). In order to defeat the motion for summary judgment, the non-moving party

must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255.

II.

*Factual Background*

Plaintiffs' daughter, BLM, was a special education student in the Knox County School System. As such, she was entitled to special services pursuant to the Individuals with Disabilities Education Act ("IDEA" or "the Act"), 20 U.S.C. §1400 *et seq*. One of those services is the development of an individual education plan ("IEP"). BLM's first IEP was formulated in April 2003 and was reviewed and updated periodically. In 2005, an IEP was developed for BLM to have a different elementary special education placement, and as a result she was placed at Spring Hill Elementary School ("Spring Hill").

BLM attended Spring Hill on October 17, 18, and 19, 2005. On October 19, BLM was in her classroom under the supervision of classroom assistants; her teacher was not present. BLM began to engage in inappropriate conduct. When the assistants stopped her, she became agitated and was restrained by defendant Judy Pickering, an administrative assistant. The affidavit of Diana Gossett, Special Education Specialist for the Knox County Schools, states the following concerning the restraint used on BLM:

On October 19, 2005, minor Plaintiff was held in a small child restraint. Knox County Schools' policy regarding therapeutic crises intervention ("TCI") utilizes the program of the *Therapeutic Crises Intervention A Crises Prevention and Management System* developed by the Family Life Development Center, College of Human Ecology, Cornell University. Ms. Pickering has been trained and certified in the (sic)Cornell's TCI program. In accordance with the school system's Pupil Personnel Department TCI policy, when a TCI restraint is utilized, the restraint is reviewed by a Knox County Schools Protective Services Task Force to monitor the use of the intervention. Upon review of the restraint of B.L.M. by the Protective Services Task Force, it was determined that the restraint was appropriate under the circumstances and TCI policy was followed. Further, the United States Department of Education, Office of Civil Rights reviewed the physical restraint of October 19, 2005 and found that the Knox County Schools had followed its TCI procedures; OCR determined that the evidence was insufficient to establish noncompliance with Section 504 and Title II of the Complainant's allegation and concluded that the school system acted in accordance with its procedures and policies.[2]

In their complaint, plaintiffs seek compensatory and punitive damages as well as well as injunctive and declaratory relief. They assert claims pursuant to 42 U.S.C. § 1983 for alleged violation of their constitutional rights and raise multiple state law claims as well, including *inter alia* negligence, gross negligence, and negligent hiring, training and supervision of employees. The primary basis for their claims stems from the incident on October 19, 2005, when BLM was restrained by Judy Pickering.

---

[2] Attached to the affidavit is a copy of the Office of Civil Rights letter dated April 27, 2006.

III.

*Analysis*

The three motions under discussion are all based on the failure to exhaust administrative remedies under the IDEA. Therefore, the court will consider all three motions together.

Defendants argue that plaintiffs' complaint falls within the IDEA and that plaintiffs did not exhaust the administrative procedures required by the IDEA prior to filing this civil action. Plaintiffs contend that their complaint was not brought under the IDEA and that even if it were, they are excepted from or have already met the exhaustion requirement. Thus, plaintiffs argue that they are properly before this court seeking monetary damages for the alleged violation of their civil rights.

**A. The IDEA**

The IDEA[3] provides federal funding to states to assist in the education of handicapped children, "on the condition that the states comply with the goals and procedures provided for by the Act." *Doe v. Smith*, 879 F.2d 1340, 1341 (6th Cir. 1989). The main purpose of the Act is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services

---

[3] The IDEA has also been known as the Education of the Handicapped Act (EHA) and the Education of All Handicapped Children Act (EAHCA). For simplicity and consistency, the court will refer to the Act as the IDEA even though a cited case may refer to a former name. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 n.2 (6th Cir. 2000).

7

designed to meet their unique needs and prepare them for further education, employment, and independent living . . . [and] to ensure that the rights of children with disabilities and parents of such children are protected[.]" 20 U.S.C. § 1400(d). A primary mechanism for ensuring a free and appropriate education is the creation of a detailed IEP. 20 U.S.C. §§ 1401(14), 1412(4).

To effectuate the rights created by the Act, states must establish procedures "to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education[.]" 20 U.S.C. § 1415(a). One of those procedures is the opportunity to present complaints "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6). Any complaints must be given an impartial due process hearing, 20 U.S.C. § 1415(f), and if necessary a review by a higher state agency. 20 U.S.C. § 1415(g). Those persons dissatisfied with the results of the administrative hearing and appeal may file suit in state or federal court for judicial review of the administrative decision. However, plaintiffs must exhaust their administrative remedies before filing a civil action to enforce their rights under the IDEA. *Smith*, 879 F.2d at 1343-44; *Crocker v. Tenn. Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 935-36 (6th Cir. 1989).

## B. Exhaustion Requirement Under the IDEA

The section of the IDEA addressing the exhaustion requirement states:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the American with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that *before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted* to the same extent as would be required had the action been brought under this subchapter.[4]

20 U.S.C. § 1415(l) (emphasis added). The Sixth Circuit summarized the significance of this exhaustion requirement in *Crocker v. Tennessee Secondary School Athletic Ass'n*, 873 F.2d 933 (6th Cir. 1989):

> The policies underlying this exhaustion requirement are both sound and important. States are given the power to place themselves in compliance with the law, and the incentive to develop a regular system for fairly resolving conflicts under the Act. Federal courts - generalists with no expertise in the educational needs of handicapped students - are given the benefit of expert factfinding by a state agency devoted to this very purpose. Such a mechanism is necessary to give effect to a fundamental policy underlying the [IDEA]: that the needs of handicapped children are best accommodated by having the parents and the local education agency work together to formulate an individualized plan for each handicapped child's education. Were federal courts to set themselves up as the initial arbiters of handicapped children's educational needs before the administrative process is used, they would endanger

---

[4] Subsections (f) and (g) address the due process hearing and an administrative appeal.

> not only the procedural but also the substantive purposes of the Act.

*Id*. at 935 (citations and quotations marks omitted).

Defendants contend that the amended complaint: contains multiple alleged failures under the IDEA, specifically references the IDEA, refers to a "free appropriate public education," and refers to BLM's IEP. Defendants also argue that plaintiffs' claims all deal with the placement of a disabled child under the IDEA in spite of how plaintiffs may label their claims.

Plaintiffs contend that this case has nothing to do with a "free appropriate public education" and it is not brought under the IDEA. Rather, they argue that the case is about physical abuse of a minor and alleged acts of negligence.

The court believes that this is indeed a case that falls within the IDEA and that the exhaustion requirement applies. The amended complaint is replete with allegations dealing with defendants' responsibilities under the IDEA. *R.R. v. Bd. of Educ., Kingsport City Sch.*, No. 2:05-CV-50, 2006 WL 1211163, at *3 (E.D. Tenn. April 28, 2006) ("[A]ll of the allegations made by the plaintiff against the defendant and its employees are clearly related to those defendants' obligations under the IDEA."). Plaintiffs' numerous allegations address BLM's IEP, the treatment of BLM as a special education student, and defendants' alleged failures in dealing with the education and educational environment for BLM. The fact that plaintiffs are seeking damages does not take this case out of the IDEA nor does it excuse the exhaustion of remedies requirement. *Covington v. Knox County Sch. Sys.*, 205

F.3d 912, 916 (6th cir. 2000) ("We disagree that the plaintiff's damages claim alone excuses her from exhausting her administrative remedies."); *see also Robb v. Bethel Sch. Dist. #403*, 308 F.3d 1047, 1049 (9th Cir. 2002).

Plaintiffs characterize their claims as sounding in negligence and for civil rights violations and not as arising under the IDEA. However, casting their claims in this fashion does not mean that the IDEA and its exhaustion of remedies requirement do not apply in this case. "The dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies. If so, exhaustion of those remedies is required." *Id*. at 1050. While declining to address the specific issue, the Sixth Circuit in *Covington* recognized that

> some courts have interpreted § 1415 to require the exhaustion of administrative remedies even when the plaintiffs do not rely exclusively on the IDEA as the source of their claims. For example, several courts have held that exhaustion is required when plaintiffs bring § 1983 suits based on violations of the IDEA. Additionally, some courts have held that whenever a claim falls within the purview of the IDEA - that is, whenever it relates to the provision of a "free appropriate public education" to a disabled child [-] exhaustion is required, whether or not the plaintiff characterizes the claim as one arising under the IDEA.

*Covington,* 205 F.3d at 915-16 (citations omitted). The court believes that given the appropriate factual setting, the Sixth Circuit would hold that the exhaustion of remedies requirement would apply when plaintiffs do not exclusively base their claims on the IDEA.

Further, plaintiffs' contention that the use of the restraint system was abusive does not take this case out of the purview of the IDEA. The record before the court indicates that the restraint was a disciplinary practice of the school district, and it is encompassed by the IDEA. *See Hayes v. Unified Sch. Dist. No. 377*, 877 F.2d 809, 812-13 (10th Cir.1989) (use of time-out room and in-school suspensions forms of discipline related to provision of appropriate public education under [IDEA]); *Moore v. Harriman City Sch.*, No. 92-5572, 1994 WL 18021, at *1 (6th Cir. Jan. 21, 1994) ("In-class discipline of a handicapped child is a matter within the purview of the [IDEA]"); *Franklin v. Frid*, 7 F. Supp. 2d 920, (W.D. Mich. 1998) (Although plaintiffs' § 1983 claim included allegations of physical and mental abuse, gravamen of the claim involved alleged deprivation of appropriate public education under IDEA.); *Pullen v. Botetourt County Sch. Bd.*, No. 94-686-R, 1995 WL 738983, at *4 (W.D. Va. Feb. 13, 1995) ("The use of discipline and in-class instruction are closely related in providing a child with a free appropriate public education and are properly within the purview of the IDEA."); *Waterman v. Marquette-Alger Intermediate Sch. Dist.*, 739 F. Supp. 361, 365 (W.D. Mich. 1990) ("[A]ll of plaintiffs' claims arise from defendants' allegedly excessive disciplinary acts and practices, and complaints about classroom discipline of special education students are cognizable under the [IDEA]."). Plaintiffs' complaints concerning use of the restraint system in this case are encompassed by the IDEA and subject to the exhaustion of remedies requirement.

The court concludes that plaintiffs' complaint, either in whole or in part, falls within the purview of the IDEA. Therefore, plaintiffs were required to exhaust the specific administrative procedures required by the IDEA before bringing suit in this court. This means plaintiffs had to pursue to completion a due process hearing as provided for in the IDEA.

Nevertheless, plaintiffs contend that even if the IDEA applies to their lawsuit, they did seek administrative remedies. However, the procedures plaintiffs identify as being in pursuit of administrative remedies do not include the due process hearing specifically called for by the IDEA. The IDEA precisely sets forth the requirements for exhaustion of administrative remedies, and those requirements call for a specific complaint that initiates the due process hearing. 20 U.S.C. § 1415(b)(6),(7). Plaintiffs did not follow these procedures, in spite of the fact that Tara Mallory was provided with copies of the "Special Education Administrative Complaint" and "Special Education Due Process Hearing Request Form" by Diana Gossett. Nothing in Tara Mallory's affidavit creates a question of fact concerning whether these precise procedures were pursued and exhausted by her and her husband. Nothing in the record disputes the fact that plaintiffs never pursued a due process hearing as called for by the IDEA. Therefore, the court must look to see if an exception to the exhaustion requirement applies to plaintiffs.

### C. Exceptions to the Exhaustion Requirement

There are a few "narrow exceptions" to the exhaustion requirement under the IDEA. *Crocker*, 873 F.2d at 936. Exhaustion is not required where application of the administrative procedures would be futile or inadequate to protect plaintiffs' rights. *Honig v. Doe*, 484 U.S. 305, 326-27 (1988); *Smith*, 879 F.2d at 1343. Exhaustion is also not required if plaintiffs did not receive full notice of their procedural rights afforded under the IDEA. *Crocker*, 873 F.2d at 936. The party seeking to avoid the administrative procedures has the burden of demonstrating futility or inadequacy. *Id.*, at 937. The court finds that plaintiffs have not met that burden.

Plaintiffs argue that they are exempt from the exhaustion requirement because it would have been futile to pursue administrative remedies. They base this argument on the fact that BLM is no longer attending Spring Hill because she is being home schooled. However, "parents may not avoid the state administrative process through 'the unilateral act of removing their child from a public school.'" *Covington*, 205 F.3d at 918 (citing holding in *Doe v. Smith*, 879 F.2d 1340,1343 (6th Cir. 1989)); *see also N.B. v. Alachua County Sch. Bd.*, 84 F.3d 1376, 1379 (11th Cir. 1996); *Frid,* 7 F. Supp. 2d at 924.

Plaintiffs rely on *Covington* in support of their futility argument. That case, however, is distinguishable from the facts presently before the court. In *Covington*, the disabled child had graduated from a special education school in 1996, two years prior to his mother filing suit in district court in 1998 under 42 U.S.C. § 1983. The district court granted

summary judgment based on the mother's failure to exhaust administrative remedies under the IDEA. On appeal, the Sixth Circuit held that exhaustion would be futile because the child had already graduated from the special education school and money damages were the only adequate remedy. In this case, BLM is a young child who has many years of education remaining, and her parents are not in a position to claim that the services offered from a public education would be of no benefit to her. *Covington* does not advance the plaintiffs' contention that administrative procedures would be futile or inadequate in this case.

Plaintiffs also rely on *Witte v. Clark County School District*, 197 F.3d 1271 (9th Cir. 1999) in support of their contention that they do not need to exhaust administrative remedies. However, in *Witte*, the parties had reached an agreement on the educational aspect of the plaintiff's injuries, and the lawsuit sought only monetary damages, relief not available under the IDEA. Thus, *Witte* does not support plaintiffs' position either. In addition, the Ninth Circuit later decided *Robb v. Bethel School District #403*, 308 F.3d 1047 (9th Cir. 2002) and held "that when a plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies, exhaustion of those remedies is required." *Id.* at 1048. The Ninth Circuit also commented on its decision in *Witte* stating: "Before filing suit, the plaintiff in *Witte* already had agreed with the defendant school district - through informal processes available under the IDEA or through its formal procedures - to new educational plans and services that would address the educational component of his injuries." *Id.* at 1051-52 (citing *Witte*, 197 F.3d at 1275-76). No such agreement has been

15

reached in this case.

Plaintiffs also argue that they are exempt from exhausting administrative remedies because they were not given full notice of their procedural rights under the IDEA and that defendants engaged in a "policy or practice" contrary to law by leaving BLM with inadequately trained personnel. However, these contentions are not supported by argument or citation to authority. The only support offered is the affidavit of Tara Mallory, and that contains nothing more than the same conclusory statement made in plaintiffs' response. A party's conclusory statements are not sufficient to create a material issue of fact to defeat summary judgment. *See, e.g., Maki v. Laakko*, 88 F.3d 361, 364 (6th Cir. 1996) ("To preclude summary judgment, the nonmoving party must present evidence, beyond his pleadings and his own conclusory statements, to establish the existence of specific triable facts.").

Rather, the documentary evidence in the record demonstrates that on multiple occasions Tara Mallory, by her signature, signified that she waived oral explanations of procedural safeguards and acknowledged receipt of the "Rights of Children With Disabilities and Parental Responsibilities." Her conclusory statements to the contrary are disingenuous at a minimum and do not put these facts at issue. The court finds that the exceptions to the exhaustion of remedies requirement do not apply to the plaintiffs and that they were required to complete the procedural remedies provided in the IDEA before bringing this lawsuit.

**D. Official Capacity Defendants' Motion to Dismiss**

In addition, the Knox County Board of Education and the official capacity defendants have filed a motion to dismiss defendants Spring Hill Elementary School and Knox County School District [doc. 22]. No response to this motion has been filed, and the time allowed by Local Rule 7.1(a) has passed. "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. TN. LR 7.2.

The basis of this motion is that these defendants are not legal entities and therefore not capable of being sued. The legal entity that can sue and be sued is the Knox County Board of Education. Plaintiffs have presented no evidence to the contrary. This motion will be granted, and these defendants will be dismissed.

IV.

*Conclusion*

Accordingly, for the reasons stated herein, Knox County School District and Spring Hill Elementary School will be dismissed with prejudice. This case will be dismissed without prejudice as to all of the remaining defendants for failure to exhaust administrative remedies. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan
United States District Judge